# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVON ORTEGA, | Case No.  1:12-cv-01030-AWI-SAB |
| Plaintiff, | ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Petitioner Sengthiene Bosavanh ("Counsel"), attorney for Plaintiff Lavon Ortega ("Plaintiff"), filed the instant motion for attorney fees on June 12, 2015.  Counsel requests fees in the amount of $24,350.00 pursuant to 42 U.S.C. § 406(b)(1).  Plaintiff has not objected to the request.  On August 13, 2015, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint challenging the denial of social security benefits on June 25, 2012.  (ECF No. 1.)  On December 20, 2013, the magistrate judge's order issued finding that the ALJ erred in rejecting the opinion of an examining physician regarding Plaintiff's hand limitations.  (ECF No. 22.)  On January 7, 2015, the district judge adopted the findings and

1

recommendations and this action was remanded for further proceedings. (ECF No. 24.) The Court entered judgment in Plaintiff's favor on January 7, 2014. (ECF No. 25.)

On remand, the ALJ found that Plaintiff was disabled as of June 2007, and past benefits were awarded in the amount of $121,400.00. (ECF No. 28-1 at 1.) The Commissioner withheld $6,000.00 from the past-due benefit for attorney fees. (ECF No. 28-1 at 4.) Generally, the Commissioner withholds 25 percent of the retroactive benefit award. (Id.) However, it appears in this instance that only the $6, 000.00 which was paid to Petitioner's firm may have been withheld. (Id.)

In the instant motion, Petitioner seeks $24,350.00 for 39.6 hours spent working on Plaintiff's case.[1]

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

---

[1] Petitioner does not indicate the number of hours spent by Mr. Milan, the attorney who has already received payment from the Commissioner.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. 28 U.S.C. § 2412. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

## III.

## DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 122 S.Ct. at 1828. Here, the fee agreement between Plaintiff and Petitioner provides for a fee consisting of "25 (twenty-five) percent of the past-due benefits resulting from my claim or claims." (Social Security Employment Agreement, attached to Motion, ECF No. 28-2 at 2.) Plaintiff has been awarded benefits from June 2009 through February 2015 in the amount of $121,400.00. (ECF No. 28-1 at 2.) In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. Although this action does involve more than seven years of backpay, there is no indication that Counsel was responsible for any substantial delay in the court proceedings. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking $24,350.00 which

added to the $6,000.00 already paid to Mr. Milan is 25 percent of the backpay award.[2] The total fee award of $30,350.00, of which Petitioner is seeking $24,350.00, is not excessively large in relation to the past-due award of $121,400.00. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

When considering the total amount requested by Petitioner, the fee request translates to $614.90 per hour for Petitioner's time. In Crawford the appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was not excessive. Crawford, 486 F.3d at 1152 (dissenting opinion).

The Court finds that the requested fees are reasonable when compared to the amount of work Counsel performed in representing Plaintiff in court. Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and substantial benefits were awarded. Counsel also submitted a detailed billing statement which supports her request. (ECF Nos. 28-3.)

Finally, to the extent that the withheld fees are insufficient to cover all fees awarded at the administrative and court level, the claimant's counsel must recover the difference from the claimant. Dobson v. Commissioner, No. 2:09-cv-01460-KJN, 2013 WL 6198185, at *4 (E.D. Cal. Nov. 27, 2013).

## VI.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $24,350.00 is GRANTED; and

2. If the amount of past-due benefits withheld is insufficient to cover all fees awarded at the administrative and court levels, Petitioner must recover the difference from

---

[2] The attorney fees total $30,350.00.

the claimant.

IT IS SO ORDERED.

Dated: __**August 21, 2015**__

UNITED STATES MAGISTRATE JUDGE